Tuvia Rotberg (Bar No. 041552006)
Sandra A. Hudak (Bar No. 561852026)
TARTER KRINSKY & DROGIN LLP
1350 Broadway
New York, NY 10018
Tel:   (212) 216-8000
Fax:   (212) 216-8001
Email: trotberg@tarterkrinsky.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIFEPRO FITNESS LLC,<br><br>              Plaintiff,<br><br>      v.<br><br>SIAS CORPORATION and IGOR KULGAVTSEV,<br><br>              Defendants. | Case No. 26-cv-6210<br><br><br>**COMPLAINT AND JURY TRIAL DEMAND** |

Plaintiff LifePro Fitness LLC ("Plaintiff"), by and through its counsel, for its

Complaint against Sias Corporation ("Sias") and Igor Kulgavtsev ("Kulgavtsev")

(collectively, "Defendants"), alleges as follows:

### PARTIES

1.      Plaintiff is a New York limited liability company with an address at

465 Industrial Way W, Eatontown, NJ 07724.

-1-

2.    On information and belief, Defendant Sias is a business entity organized and existing under the laws of Florida, with a principal place of business at 250 174th St, Suite 1918, Sunny Isles Beach, FL 33160.

3.    On information and belief, Defendant Kulgavstev is an individual having an address of 250 174th St, Suite 1918, Sunny Isles Beach, FL 33160.

4.    According to records on the Florida Department of State Sunbiz.org database, Defendant Kulgavstev is the incorporator, registered agent and sole officer of Sias.

5.    On information and belief, the address listed as the business address for Defendant Sias is Defendant Kulgavstev's residential address.

6.    According to records on the U.S. Patent and Trademark Office's ("USPTO") TSDR database, Defendant Kulgavstev is the President and CEO of Defendant Sias.

7.    On information and belief, Defendant Kulgavstev is the owner of Defendant Sias, is personally responsible for product development, product design, marketing, and sales at Defendant Sias, and is essential to the operations of Defendant Sias.

8.    On information and belief, Defendant Kulgavstev has personally participated in and has willfully and knowingly directed the wrongful acts of

Defendant Sias complained of herein, and such wrongful conduct has been for the benefit of Defendant Sias and for his own individual benefit and gain.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this action pursuant to the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., including 15 U.S.C. § 1121; and 28 U.S.C. §§ 1331 and 1338(a).

10.     This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367(a).

11.     Defendants are subject to specific jurisdiction in this Court, *inter alia*, because they conduct business in the District and have committed at least some of the acts complained of herein within this District.

12.     On information and belief, Defendant Sias does business in the State of New Jersey, sells various products, including vitamins and toner cartridges, to customers in New Jersey, engages distributors based in New Jersey, maintains an interactive website accessed by residents of New Jersey, and otherwise avails itself of the privilege of doing business in the State of New Jersey.

13.     Defendants have purposefully directed their activities, including the illegal acts against Plaintiff described below, toward this District and this action arises from those activities.

14.     Specifically, at all relevant times, Defendants were aware that Plaintiff resided in New Jersey and that their illegal acts would cause harm to Plaintiff in New Jersey.

15.     Venue in this District is proper under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this District and Defendants are subject to personal jurisdiction in this District.

## BACKGROUND FACTS

### Plaintiff and the LIFEPRO Marks

16.     Plaintiff is a wellness brand in the business of developing and selling wellness, fitness, recovery, and health products.

17.     Plaintiff owns United States Trademark Reg. Nos. 5,546,896, 6,096,188, and 8,118,474 ("LIFEPRO Registrations"), Trademark Application Serial Nos. 99/079,117, 99/079,119, and 99/577,539, and robust common law trademark rights for "LIFEPRO" in connection with a wide variety of health and wellness products ("LIFEPRO Marks").

18.     The LIFEPRO Marks have been used continuously by Plaintiff in United States commerce since at least 2018 in connection with health and wellness products.

19.     The LIFEPRO Marks are valid, subsisting, and were valid and subsisting at all times relevant to this action.

-4-

20. Plaintiff's LIFEPRO Registrations constitute *prima facie* evidence of Plaintiff's exclusive right to use the LIFEPRO Mark in commerce in connection with the goods identified in the registrations.

21. Through nearly a decade of continuous use, nationwide sales, extensive marketing, and consistent quality control, Plaintiff has developed substantial goodwill and consumer recognition in the LIFEPRO Marks.

22. The LIFEPRO® brand products have been on the market since 2018 and can be purchased through online marketplaces like Amazon.com and Walmart.com, among other channels.

23. As a purveyor of wellness, fitness, recovery, and health products, it is natural for Plaintiff to expand into vitamins and related goods in International Class 5.

24. Plaintiff has current plans to grow its business, including into the nutrition and supplement space, for example, as demonstrated by Plaintiff's Trademark Application Serial No. 99/079,117 for "Nutritional supplements in the form of tablets, powder, gummies; Protein supplement shakes; Nutritional supplement shakes; Nutritional supplement meal replacement bars for boosting energy; Vitamin supplements; Mineral supplements; Nutritional supplements; Whey protein supplements" in International Class 5.

## Defendants' Infringing Conduct

25.    Defendant Sias is in the business of supplying and distributing consumer products, specifically toner cartridges.

26.    Defendant Sias is the applicant for the Intent-to-Use Trademark Application Serial Nos 98/528,810 and 98/616,835 ("the LIFEPROMAX Applications") for LIFEPROMAX and LIFEPROMAX (stylized) ("the LIFEPROMAX Marks"), respectively, for vitamins and related goods in International Class 5.

27.    On information and belief, Defendant Sias' foray out of its usual business of toner cartridges into vitamins and related goods under the LIFEPROMAX marks was done with the intent to trade on the goodwill Plaintiff has established in the LIFEPRO marks.

28.    Defendant Sias has offered for sale or has sold products under a confusingly similar mark to the LIFEPRO marks, including at least Magnesium

-6-

Oxide on Amazon.com.



Health & Household › Vitamins, Minerals & Supplements › Minerals › Magnesium

Magnesium 400mg [High Potency] Supplement – Magnesium Oxide for Immune Support, Muscle Recovery, Leg Cramps and Relaxation 120 Tablets
Brand: LifePROMAX
4.4 ★★★★☆ (46) | Search this page

**Currently unavailable.**
We don't know when or if this item will be back in stock.

**Top highlights**                                                        ⌃

| Brand | LifePROMAX |
| Item Form | Tablets |
| Primary Supplement Type | Magnesium |
| Unit Count | 120.0 Count |
| Flavor | Unflavored |

**About this item**
- Each tablet contains 400mg of Magnesium Oxide, providing a significant daily dose to support overall health and wellness.
- Magnesium plays a crucial role in over 300 biochemical reactions in the body, supporting muscle and nerve function, maintaining a healthy immune system, and promoting cardiovascular health.
- Magnesium is vital for bone density and strength, working alongside calcium to maintain strong bones and teeth.
- Helps prevent muscle cramps and supports muscle relaxation,

Click to see full view

*See* https://www.amazon.com/Magnesium-400mg-High-Potency-Supplement/dp/B0D74MKHXR (screenshot as of May 12, 2026).

29.    Defendants' "intent-to-use" LIFEPROMAX Applications have been pending since early 2024 and are blocking Plaintiff's Trademark Application Serial No. 99/079,117.

30.    On several occasions, counsel for Plaintiff demanded that Defendants cease their infringement of Plaintiff's trademark rights and withdraw the LIFEPROMAX Applications.

31.    Plaintiff has never received a response from Defendants.

## HARM TO PLAINTIFF

32.    Defendants' use of the confusingly similar LIFEPROMAX Marks on infringes on Plaintiff's rights to the LIFEPRO Marks.

33.    Defendants' use of the confusingly similar LIFEPROMAX Marks was done with the intent to trade on the goodwill Plaintiff has established in the LIFEPRO Marks.

34.    Defendants' infringing conduct has caused and continues to cause Plaintiff irreparable harm, including loss of control over the nature and quality of products associated with the LIFEPRO Marks, damage to goodwill and reputation, and consumer confusion.

35.    Defendants' acts have diverted sales and threaten the distinctiveness and strength of the LIFEPRO Marks.

36.    Unless restrained, Defendants' conduct will continue to harm Plaintiff, including by further eroding Plaintiff's goodwill, increasing consumer confusion in the marketplace, and impairing Plaintiff's ability to control its brand identity.

37.    Plaintiff has no adequate remedy at law to fully compensate for Defendants' ongoing infringement.

## COUNT I
### (15 U.S.C. § 1114 – Federal Trademark Infringement)

38. Plaintiff repeats and realleges Paragraphs 1–35 as if fully set forth herein.

39. Plaintiff owns valid, protectable rights in the LIFEPRO Marks covered by the LIFEPRO Registrations, which are superior to any rights Defendants may claim to have in the infringing LIFEPROMAX Mark.

40. Defendants' unauthorized use of the LIFEPROMAX Mark is likely to cause confusion and mistake with the LIFEPRO Marks, and is likely to deceive the public as to the approval, sponsorship, affiliation, connection, license, source, origin, or association of Defendants' products and commercial activities with Plaintiff.

41. On information and belief, Defendants have deliberately and willfully attempted to trade upon Plaintiff's goodwill in the LIFEPRO Marks and the reputation established by Plaintiff in connection with LIFEPRO® brand products in order to confuse consumers as to the origin and sponsorship of Defendants' goods.

42. On information and belief, Defendants have profited and been unjustly enriched, and will continue to profit and be unjustly enriched, by sales and publicity that Defendants would not otherwise have obtained but for their unlawful conduct.

43.     Defendants' deceptive acts have injured or are likely to injure Plaintiff's business and reputation with consumers in this judicial district and elsewhere in the United States by creating confusion about the source of the LIFEPRO Marks.

44.     As a proximate result of Defendants' infringement of the LIFEPRO Marks, Plaintiff has suffered and will continue to suffer substantial and irreparable injury and damage to the goodwill associated with the LIFEPRO Marks.

45.     Plaintiff is entitled to injunctive relief and damages in an amount to be determined at trial.

46.     Defendants' willful infringement entitles Plaintiff to injunctive relief, monetary damages, an accounting and disgorgement of Defendants' profits, enhanced and/or treble damages, and an award of attorneys' fees and costs pursuant to 15 U.S.C. §§ 1116 and 1117.

## COUNT II
### (15 U.S.C. § 1125(a) -Unfair Competition and False Designation of Origin)

47.     Plaintiff repeats and realleges Paragraphs 1–35 as if fully set forth herein.

48.     By its infringement of the LIFEPRO Marks without the consent or authorization of Plaintiff as described above, Defendant has falsely designated the origin of Defendants' products, and Defendants have thereby competed unfairly

with Plaintiff and engaged in acts of false designation of origin and false sponsorship, in violation of 15 U.S.C. § 1125(a), as amended.

49.    Defendants' acts described above have caused and will continue to cause injury and damages to Plaintiff, and have caused and will cause irreparable injury to Plaintiff's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Plaintiff has no adequate remedy at law.

50.    As a direct result of Defendants' infringement, Plaintiff has suffered and will continue to suffer damages, irreparable harm and impairment of the value of the LIFEPRO Marks, and great detriment to its business, goodwill, reputation and profits.

51.    Plaintiff is entitled to injunctive relief and damages in an amount to be determined at trial.

52.    The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

## COUNT III
**(Common Law Trademark Infringement and Unfair Competition)**

53.    Plaintiff repeats and realleges Paragraphs 1–35 as if fully set forth herein.

54.    Plaintiff owns protectable common law rights in the LIFEPRO Marks and associated goodwill arising from Plaintiff's continuous and exclusive use of the LIFEPRO Marks in commerce since at least 2018.

-11-

55.     Defendants' unauthorized use of the LIFEPROMAX Mark in connection with identical or highly similar products constitutes common law trademark infringement, passing off, and unfair competition.

56.     Defendants' conduct is likely to, and has a natural tendency to, deceive the purchasing public into believing that Defendants' products are those of Plaintiff or are affiliated with, sponsored by, authorized by, or approved by Plaintiff, when they are not.

57.     Defendants have acted in bad faith and with knowledge of Plaintiff's rights, including based on the USPTO refusals and Plaintiff's April 21, 2025 notice letter, and has continued its infringing conduct in conscious disregard of Plaintiff's rights.

58.     Defendants' wrongful acts have caused and will continue to cause Plaintiff irreparable harm, including injury to Plaintiff's goodwill, reputation, and business, for which Plaintiff has no adequate remedy at law.

59.     As a result, Plaintiff is entitled to injunctive relief and to recover damages and other relief available under applicable common law principles.

## COUNT IV
**(Refusal of U.S. Trademark Application Serial No. 98/528,810
or Cancellation of Any Registration Resulting Therefrom)
(Against Sias)**

60.     Plaintiff repeats and realleges Paragraphs 1–35 as if fully set forth herein.

61.   According to records maintained by the USPTO, Sias is the owner of record of U.S. Trademark Application Serial No. 98/528,810 ("the '810 Application") for LIFEPROMAX for vitamins and related goods in International Class 5.

62.   Refusal of the '810 Application (or cancellation of any registration that results therefrom) is warranted, appropriate, and necessary because the mark is likely, when used on or in connection with the applied for goods, to cause confusion, cause mistake, or to deceive with respect to Plaintiff's senior LIFEPRO Marks.

63.   Plaintiff has standing to seek refusal of the '810 Application (or cancelling the registration that results therefrom) because Plaintiff has senior trademark rights in the LIFEPRO Marks, and Defendants' attempted registration of the infringing LIFEPROMAX Marks is likely to cause consumer confusion as to the source of Defendants' goods with Plaintiff.

64.   Pursuant to 15 U.S.C. §§ 1052, 1064, and 1119, Plaintiff requests an order of this Court refusing registration of the '810 Application (or cancelling the registration that results therefrom).

## COUNT V
### (Refusal of U.S. Trademark Application Serial No. 98/616,835
### or Cancellation of Any Registration Resulting Therefrom)
### (Against Sias)

65.     Plaintiff repeats and realleges Paragraphs 1–35 as if fully set forth herein.

66.     According to records maintained by the USPTO, Sias is the owner of record of U.S. Trademark Application Serial No. 98/616,835 ("the '835 Application") for LIFEPROMAX (stylized) for vitamin preparations and related goods in International Class 5.

67.     Refusal of the '835 Application (or cancellation of any registration that results therefrom) is warranted, appropriate, and necessary because the mark is likely, when used on or in connection with the applied for goods, to cause confusion, cause mistake, or to deceive with respect to Plaintiff's senior LIFEPRO Marks.

68.     Plaintiff has standing to seek refusal of the '835 Application (or cancelling the registration that results therefrom) because Plaintiff has senior trademark rights in the LIFEPRO Marks, and Defendants' attempted registration of the infringing LIFEPROMAX Marks is likely to cause consumer confusion as to the source of Defendants' goods with Plaintiff.

-14-

69.     Pursuant to 15 U.S.C. §§ 1052, 1064, and 1119, Plaintiff requests an order of this Court refusing registration of the '835 Application (or cancelling the registration that results therefrom).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and grant the following relief:

A.     Entry of a judgment that Defendant has violated Sections 32, 43(a) of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and has committed acts of unfair competition in violation of New Jersey common law;

B.     Injunctive relief restraining Defendants and their officers, directors, partners, employees, agents, successors and assigns, and those persons in active concert or participation with it, from:

    a. Using the LIFEPRO Marks or any confusingly similar mark (including, without limitation, LIFEPROMAX) on or in connection with the advertisement, promotion, marketing, offering, distribution, provision or sale of any goods, services or business;

    b. Falsely designating the origin, sponsorship, or affiliation of Defendants' goods in any manner; and

    c. Continuing to perform in any manner whatsoever of the acts complained of herein.

C.      An order requiring Defendants to recall from all channels of trade, distribution, exhibition and display all infringing products, advertising displays, signs, labels, goods, product packaging, promotional materials, advertisements, commercials, web sites, and other items, the dissemination or display by Defendants of which would violate the injunction requested herein;

D.      An order requiring Defendants to remove listings for infringing products from all websites and deliver up for destruction any and all goods, product packaging, promotion materials, advertisements, commercials and other items in the possession, custody or control of Defendants, their related companies, and affiliates which, if sold, displayed or used, would violate the injunction requested herein;

E.      An order, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), requiring Defendant to serve upon Plaintiff within thirty (30) days after service on Defendant of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

F.      An order directing the USPTO to refuse registration of the LIFEPROMAX Applications (or to cancel the registrations resulting therefrom);

G.      An accounting and disgorgement of Defendants' profits derived from the infringing conduct;

H.     An award of damages, including enhanced and/or treble damages for willful infringement;

I.     A declaration that this is an exceptional case, pursuant to 15 U.S.C. § 1117 or otherwise as allowed by law, because of the willful and deliberate nature of Defendants' acts of trademark infringement and false designation of origin;

J.     An award of Plaintiff's costs and attorneys' fees pursuant to 15 U.S.C. § 1117 or otherwise as allowed by law;

K.     An award of pre-judgment and post-judgment interest in the maximum amount allowed under the law; and

L.     Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues triable by jury including, but not limited to, those issues and claims set forth in any amended complaint or consolidated action.

-18-

Respectfully submitted,

Dated: May 28, 2026                           By: *s/ Tuvia Rotberg*

TARTER KRINSKY & DROGIN LLP
Tuvia Rotberg (Bar No. 041552006)
Sandra A. Hudak (Bar No. 561852026)

1350 Broadway
New York, NY 10018
Telephone:(212) 216-8000
Fax:        (212) 216-8001
E-mail:    trotberg@tarterkrinsky.com

***Attorneys for Plaintiff***
***LifePro Fitness LLC***

-18-

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, Plaintiff, through its attorneys, certifies

that the matter in controversy is not the subject of any other action pending in any

court, or of any pending arbitration or administrative proceeding.

Dated:  May 28, 2026            Respectfully submitted,

            TARTER KRINSKY & DROGIN LLP

By:  *s/ Tuvia Rotberg*
      Tuvia Rotberg
      Sandra A. Hudak
      1350 Broadway
      New York, NY 10018
      Tel:     (212) 216-8000
      Fax:     (212) 216-8001
      Email:   trotberg@tarterkrinsky.com
              shudak@tarterkrinsky.com

      ***Attorneys for Plaintiff LifePro Fitness LLC***

## LOCAL CIVIL RULE 201.1 CERTIFICATION

Pursuant to Local Civil Rule 201.1, Plaintiff, through its attorneys, certifies

that the above captioned matter is not subject to compulsory arbitration.


Dated:  May 28, 2026                    Respectfully submitted,

                                        TARTER KRINSKY & DROGIN LLP

                                        By:  *s/ Tuvia Rotberg*
                                             Tuvia Rotberg
                                             Sandra A. Hudak
                                             1350 Broadway
                                             New York, NY  10018
                                             Tel.:     (212) 216-8000
                                             Fax:      (212) 216-8001
                                             E-mail:   trotberg@tarterkrinsky.com
                                                       shudak@tarterkrinsky.com


                                        ***Attorneys for Plaintiff LifePro Fitness
                                        LLC***

-20-